## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between plaintiff Frank D'Agostino ("Plaintiff" or "Mr. D'Agostino") on behalf of himself and the Class members, and defendant WFS Financial Inc, now known as Wachovia Dealer Services, Inc. ("Defendant" or "WFS"). Mr. D'Agostino and WFS are collectively referred to as the "Parties."

## RECITALS

WHEREAS, on January 4, 2007, Plaintiff commenced a putative consumer class action entitled *Frank D'Agostino v. WFS Financial, Inc.*, Docket No. CV-07-4027731-S, in Connecticut Superior Court, Judicial District of Hartford;

WHEREAS, on February 1, 2007, the Action was removed to the United States District Court for the District of Connecticut, No. 3:07-cv-00161 (CFD);

WHEREAS, Plaintiff alleges that WFS violated the foreclosure provisions of the Connecticut Retail Installment Sales Financing Act, Conn. Gen. Stat. §§ 36a-770 *et seq.* ("RISFA"), and Article 9 of the Uniform Commercial Code, Conn. Gen. Stat. §§ 42a-9-101 *et seq.* ("UCC"), when it repossessed and sold Class members' vehicles and credited their accounts with the net sales proceeds rather than the fair market value of the repossessed vehicles;

WHEREAS, Plaintiff also alleges that, with respect to a subclass of Class members, WFS violated RISFA by failing to provide timely notice of the repossession of the vehicles and the right of redemption;

WHEREAS, Plaintiff also alleges that, with respect to another subclass of Class members, WFS violated RISFA and the UCC by failing to provide timely and reasonable notice of the sale of the vehicles;

WHEREAS, Defendant denies the allegations and all liability with respect to any and all facts and claims alleged in the Action and further denies that Plaintiff or any Class member, including any member of any subclass, has suffered any damage;

WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made against Defendant;

WHEREAS, Plaintiff and Class Counsel have conducted an extensive investigation into the facts and law and have engaged in extensive discovery and settlement negotiations relating to the Action;

WHEREAS, on June 17, 2008, the Parties and their counsel participated in a full-day mediation with the Honorable Edward A. Infante of JAMS and reached a settlement;

WHEREAS, Class Counsel, while maintaining that Plaintiff and the Class members would prevail on all issues in the Action, has concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to Plaintiff and to the Class members and in their best interests, and Plaintiff has agreed to settle the claims raised in the Action, subject to the

1

sf-2541755

approval of the Court, pursuant to the terms and provisions of this Settlement Agreement, after considering: (a) the benefits that Plaintiff and the Class members will receive from settlement of the Action; (b) the attendant risks of litigation; and (c) the desirability of permitting a settlement to be consummated as provided by the terms of this Settlement Agreement; and

WHEREAS, Defendant, while continuing to deny all allegations of liability, also desires to settle, compromise and terminate Plaintiff's and the Class members' claims against it to avoid the further substantial expense, inconvenience and distraction of burdensome and protracted litigation and to put to rest forever all claims which have been or could have been asserted against WFS in this Action or elsewhere, and which arise from or are in any way related to the acts, transactions or occurrences alleged in the Action;

NOW THEREFORE, in consideration of the covenants and agreements set forth herein, Plaintiff, on behalf of himself and the Class members, and WFS agree to the Settlement of the Action, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, under the following terms and conditions.

## 1. Definitions

As used in this Settlement Agreement, the terms set forth in this section in boldface type will have the following meanings:

1.1     **Action.** The lawsuit entitled *Frank D'Agostino v. WFS Financial, Inc.*, United States District Court for the District of Connecticut, No. 3:07-cv-00161 (CFD).

1.2     **Class.** Individuals who are listed in Exhibit A, which consist of individuals: (a) who were retail buyers of motor vehicles that were purchased pursuant to a retail installment contract or installment loan contract executed in the State of Connecticut and subsequently held by WFS; (b) whose motor vehicles were subsequently repossessed and sold by WFS within the Class Period; (c) as to whom the net proceeds of the sale were insufficient to cover the balance due under the retail installment contract or installment loan contract; (d) whose accounts WFS credited with the actual sales proceeds (as opposed to the fair market value of the motor vehicle); and (e) who were not parties to any legal action brought by or against WFS in which judgment was entered prior to June 17, 2008.

1.3     **Class Counsel or Plaintiff's Counsel.** Daniel S. Blinn of the Consumer Law Group, LLC.

1.4     **Class Period.** The period commencing on January 4, 2004, and terminating on July 1, 2008, this latter date representing the sale date through which WFS has reviewed putative Class members' files.

1.5     **Court.** The United States District Court for the District of Connecticut.

1.6     **Defendant's Counsel.** Michael J. Agoglia, James R. McGuire and Wendy M. Garbers of Morrison & Foerster LLP and Daniel L. FitzMaurice and Jason S. Weathers of Day Pitney LLP.

2

sf-2541755

1.7 **Deficiency Judgment.** A judgment obtained by WFS against any Class member for any deficiency owed following the resale of the Class member's motor vehicle.

1.8 **Effective Date.** The last date on which all of the following have occurred:

(a) The Settlement Agreement is fully executed by Plaintiff, WFS, Class Counsel and the Defendant's Counsel.

(b) The Court enters a Final Judgment and Order of of Dismissal approving the Settlement of the Action in a manner substantially consistent with the terms and intent of the Settlement Agreement.

(c) Either: (i) sixty-five (65) days have passed after completed service on the Parties to the Action and all objectors to the Settlement of the Action, if any, of notice of entry of the Court's Final Judgment and Order of Dismissal finally approving the Settlement of the Action, and within such time no appeal is taken or no extension for such appeal is granted, or (ii) if an appeal is taken with respect to the Court's Final Judgment and Order of of Dismissal approving the Settlement of the Action, the appellate court has by final order affirmed the Court's judgment finally approving the Settlement of the Action, or has denied review, or the appellant otherwise has exhausted all appellate remedies, including, but not limited to, attempts to obtain discretionary review.

1.9 **Final Judgment and Order of Dismissal.** The proposed order in the form attached hereto as Exhibit D.

1.10 **Hearing.** The hearing at which the Court will determine whether to grant final approval of the Settlement.

1.11 **Notice.** The "Notice of Class Action Settlement," which is to be sent by mail to Class members in the form attached hereto as Exhibit C.

1.12 **Order Concerning Class Certification, Notice, Scheduling, and Preliminary Approval.** The proposed order in the form attached hereto as Exhibit B.

1.13 **Released Parties.** WFS and Wachovia Dealer Services, Inc., and any entities and persons who acted or who may have been alleged to have acted in concert with or at the request or direction of WFS and Wachovia Dealer Services, Inc., together with each of their respective present, former and future directors, officers, partners, associates, employees, agents, contractors, servants, accountants, auditors, insurers, reinsurers, appraisers, investment advisers, underwriters, attorneys, brokers, parent companies, subsidiaries, affiliates, predecessors, successors, assigns (whether express or by implication or operation of law), heirs, executors, personal representatives, estates, administrators and legal representatives.

1.14 **Settlement.** The settlement contemplated by this Settlement Agreement.

sf-2541755

1.15    **Settlement Administrator.** Tilghman & Co., P.C., at 11250 Independence Drive, Suite 102, Birmingham, Alabama 35202-1250.

1.16    **Settlement Agreement.** This document, including the text and exhibits of this Settlement Agreement, which has been signed by Plaintiff, Class Counsel, Defendant and Defendant's Counsel.

1.17    **Settlement Class and Settlement Subclasses.** The class and subclasses defined in section 3.1 hereof.

1.18    **Subclass A.** Individuals who are in the Class and designated as Subclass A members in Exhibit A. Subclass A is made up of individuals who WFS's records indicate were not sent written notice of the repossession of their vehicles within three days of the date of repossession, as determined by WFS's file-by-file review. Subclass A does not include individuals who would otherwise qualify for membership but are also in Subclass B.

1.19    **Subclass B.** Individuals who are in the Class and designated as Subclass B members in Exhibit A. Subclass B is made up of individuals who WFS's records indicate were not sent written notice of the private sale or other intended disposition of their vehicles at least ten days prior to the time that such private sale or other disposition could be made, as determined by WFS's file-by-file review.

## 2. Settlement Procedures

2.1    The Parties, as soon as is reasonably practicable, shall apply jointly to the Court for an Order Concerning Class Certification, Notice, Scheduling, and Preliminary Approval substantially in the form of Exhibit B hereto: (a) preliminarily approving this Settlement Agreement as within the range of possible final approval as fair, adequate and reasonable; (b) preliminarily certifying the Settlement Class, Settlement Subclass A and Settlement Subclass B, as defined in section 3.1 for settlement purposes only; (c) setting a final approval Hearing date; (d) setting a period of time during which Class members may submit requests to be excluded from the Settlement Class or object to the Settlement of this lawsuit; and (e) approving the manner and form of class notice described in section 3.

2.2    If the Court certifies any classes or enters any orders relating to Plaintiff and Class Counsel, such actions shall not be an adjudication of any fact or issue for any purpose other than the effectuation of this Settlement Agreement and shall neither be considered as law of the case or res judicata nor have collateral estoppel effect in this or any other proceeding. In the event that final approval is not achieved, the Court's orders contemplated by this section shall be null, void and vacated and shall not be used or cited thereafter by any person or entity.

## 3. The Settlement Class and Class Notice

3.1    **Settlement Class and Settlement Subclasses.** For settlement purposes only, the Parties agree that the Court may certify: (a) a Settlement Class of individuals identified as Class members in Exhibit A, who were identified as described in section 1.2 above; (b) a Settlement Subclass A of individuals identified as Subclass A members in Exhibit A, who were identified as

4

sf-2541755

described in section 1.18 above; and (c) a Settlement Subclass B of individuals identified as Subclass B members in Exhibit A, who were identified as described in section 1.19 above.

3.2    **Decertification of the Settlement Class if Settlement Not Approved.** If the Court does not grant final approval of the Settlement, certification of the Settlement Class and Subclasses will be vacated and the Parties will be returned to their status quo ante with respect to the Action as if this Settlement Agreement had not been entered into. In the event that final approval is not achieved: (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Settlement Agreement shall be null, void, and vacated and shall not be used or cited thereafter by any person or entity; and (b) the fact of this Settlement Agreement, that WFS sought the certification of any class under this Settlement Agreement, or that the Court preliminarily approved the certification of a Settlement Class, Settlement Subclass A, and/or Settlement Subclass B shall not be used or cited thereafter by any person or entity, including in any contested proceeding relating to the certification of any class.

3.3    **Form of Notice.** The Notice shall be substantially in the form attached as Exhibit C. The Notice to Class members shall provide for exclusion of individuals from the Class upon their written request for exclusion, hand-delivered or mailed to Class Counsel and postmarked on or before the date specified in the Notice and shall contain an opt-out form for this purpose. Proof of mailing of the Notice shall be submitted to the Court as part of the application for final approval of the Settlement. The Notice shall inform the Class members that they may contact Class Counsel to learn whether they are in either of the subclasses and whether they will be receiving a check under this Settlement Agreement.

3.4    **Administering the Settlement Agreement.** WFS shall pay the reasonable costs of administering this Settlement Agreement.

3.5    **Manner of Giving Notice.** Within 15 days of the Court's order preliminarily approving this Settlement Agreement, WFS shall provide the Settlement Class list to the Settlement Administrator. Within 30 days of the Court's order preliminarily approving this Settlement Agreement, the Settlement Administrator shall update the Settlement Class list through the National Change of Address database and shall mail the notices described in section 3.3 above to the Settlement Class members by first-class mail. Within 10 days of receiving any notices that are returned as undeliverable, the Settlement Administrator shall conduct a second address search through TransUnion and, in the event that the TransUnion search reveals an alternate address, re-mail those notices. In the event any notices are returned from the Post Office with a better address, the Settlement Administrator shall re-mail those notices. WFS will be obligated to provide only a single class notice to all Settlement Class members shown to reside at the same unique address. No further notice shall be required after the Court enters a Final Judgment and Order of Dismissal approving the Settlement of the Action.

3.6    **Opting Out.** Any Settlement Class member may elect to be excluded from this Settlement and from the Settlement Class and subclasses by opting out. Any such Settlement Class member must give written notice of the election to be excluded to Class Counsel. The opt-out request must be substantially in the form of the opt-out form contained in the Notice attached as Exhibit C and must be hand-delivered or postmarked on or before the date specified in the Notice. Within 15 days after the expiration of the opt-out period, Class Counsel shall provide

Defendant's Counsel with copies of the completed opt-out forms. If more than 5% of the people eligible for Class membership elect to opt out of the Class, WFS may elect to withdraw from this Settlement Agreement by providing written notice to Class Counsel of such election not later than 5 days before the Hearing, in which case this Settlement Agreement shall be of no force and effect and the Settlement Class and Subclasses shall be decertified pursuant to section 3.2.

3.7 **Settlement Administrator's Report.** In response to periodic requests, the Settlement Administrator shall inform Class Counsel of the status of the mailing of the Notices and the efforts to obtain current addresses for the Settlement Class members and will provide a written update to Class Counsel and Defendant's Counsel not less than 15 days prior to the Hearing.

### 4. Classwide Settlement Relief

4.1 As to each Settlement Class member who has not requested exclusion from the Settlement Class pursuant to the procedures set forth in section 3.6 above, in full settlement and compromise of all claims, the following events will occur within 30 days after the Effective Date:

(a) WFS shall release each Settlement Class member from any obligation to pay any deficiency that was or is claimed by WFS after the repossession and sale of the motor vehicles. WFS shall file all papers necessary to withdraw or dismiss pending legal proceedings (if any) seeking Deficiency Judgments against Class members. If a Deficiency Judgment was entered by a court on or after June 17, 2008, then WFS will file a satisfaction of judgment with the court. WFS acknowledges that the obligations released under this section were subject to a bona fide dispute.

(b) WFS shall contact the following credit reporting bureaus and request the deletion of the Class members' tradelines. WFS will notify:

| Equifax | TransUnion | Experian |
|---|---|---|
| P.O. Box 740256 | P.O. Box 2000 | 701 Experian Parkway |
| Atlanta, Georgia 30374 | Chester, Pennsylvania 19016 | Allen, Texas 75013 |

(c) The Settlement Administrator shall mail to each Settlement Class member who is a member of Settlement Subclass A and upon whom a Notice has been served and not returned as undeliverable, as provided for in section 3.5 above, a check in the amount of $215.00; provided, however, that there shall be a single check sent for each account, which check shall be made payable and mailed to the primary debtor on the account.

(d) The Settlement Administrator shall mail to Plaintiff and to each Settlement Class member who is a member of Settlement Subclass B and upon whom a Notice has been served and not returned as undeliverable, as provided for in section 3.5 above, a check in the amount of $575.00; provided, however, that there shall be a single check sent for each account, which

6

check shall be made payable and mailed to the primary debtor on the account.

4.2     The checks to the members of Settlement Subclass A and Settlement Subclass B will be issued and mailed by and in the name of WFS or the Settlement Administrator, with the cost of such mailing paid for by WFS. All such checks shall contain a notation stating that they must be cashed within 90 days of issuance. The Settlement Administrator shall certify to the Court that all checks were issued in the amounts required by section 4.1 above and mailed within the timeframe provided herein, all of which shall be subject to review by Class Counsel. If the Court's approval of the Settlement does not become final, no cash payment will be made.

## 5.  Other Settlement Relief

5.1     At least 10 days prior to the Hearing, Class Counsel shall apply to the Court for: (i) an award of reasonable attorney's fees and costs in an amount not greater than $80,000; and (ii) a class representative fee in an amount not greater than $2,000 to Plaintiff. Class Counsel and Plaintiff agree not to retain any fee awards in excess of the foregoing amounts.

5.2     The fees referred to in section 5.1 are to be paid by WFS in addition to, and not out of, payments WFS makes to the Class members, and shall be paid to Class Counsel within 20 business days of the Effective Date, subject to Class Counsel's and Plaintiff's obligation to make appropriate refunds or repayments to WFS if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed.

5.3     It is specifically understood and agreed that any award of reasonable attorney's fees and costs and the class representative fee shall constitute the exclusive award of fees, expenses and costs pursuant to this Settlement. WFS confirms that these fees were negotiated at arm's length and that the negotiations did not begin until after all of the benefits to the Class members were agreed upon. WFS agrees not to oppose the application for these fees.

## 6.  Release of Claims

6.1     **Class Claims.** Upon final approval, Plaintiff, each Settlement Class member who has not opted out of this Settlement Agreement in accordance with the terms of this Settlement Agreement, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, agents and assigns, and all those who claim through them or who assert claims on their behalf, will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including, without limitation, those based on the Released Parties' alleged violation of RISFA and the UCC, or any other federal, state, or local law, statute, regulation, common law or contractual undertaking, including all claims for monetary, equitable, declaratory, injunctive, or any other form of relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Plaintiff or any Settlement Class member ever had, now has or may have in the future resulting from, arising out of or in any way, directly or indirectly, connected with: (a) any acts or omissions that were

raised in the Action or that relate to any aspect of the lending relationship between each Settlement Class member and the Released Parties, including, but not limited to, the solicitation, application, processing, underwriting, pricing, origination, disclosures, closing, funding, modification, servicing, enforcement, sale or securitization of such loans, and efforts to foreclose upon, repossess or sell any collateral securing such loans; and (b) any event, matter, dispute or thing that in whole or in part, directly or indirectly, relates to or arises out of said events specified in subsection (a) of this section.

6.2     **Unknown Claims.**  Plaintiff and Settlement Class members may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the claims released pursuant to the terms of section 6.1, but each of those individuals expressly agrees that, upon entry of the Court's Final Judgment and Order of Dismissal, he shall have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to section 6.1, without regard to subsequent discovery or existence of such different or additional facts.

6.3     **Bar to Future Suits.**  Plaintiff, and Settlement Class members who do not opt out in accordance with this Settlement Agreement, shall be permanently enjoined from bringing, joining, prosecuting or continuing to prosecute any legal proceeding against any Released Party with respect to the conduct, services, fees, charges, acts or omissions of any Released Party relating to all matters within the scope of the release in this section, in sections 6.1 and 6.2 above or actions taken by a Released Party that are authorized or required by this Settlement Agreement or by the Court's Final Judgment and Order of Dismissal. The Court shall retain jurisdiction to enforce its judgment, releases and bar to suits contemplated by this Settlement Agreement. It is further agreed that this Settlement Agreement may be pleaded as a complete defense to any proceeding subject to this section, and the release in this section and sections 6.1 and 6.2 shall have *res judicata* and other preclusive effect.

## 7. Dismissal of Litigation

At the time of the Hearing, the Parties shall jointly move the Court for a Final Judgment and Order of Dismissal, substantially in the form attached as Exhibit D, dismissing the claims asserted in this lawsuit with prejudice and on the merits.

## 8. Continuing Jurisdiction

The Court shall have continuing jurisdiction to enforce this Settlement Agreement's terms, and to enforce its Final Judgment and Order of Dismissal entered in this Action.

## 9. Non-Disparagement

Class Counsel and Plaintiff agree to refrain from intentionally disparaging WFS and its parent company, subsidiaries, affiliates, successors or assigns with respect to any issue related to this case. Class Counsel and Plaintiff agree to refrain from taking any action designed to harm the public perception of WFS and its parent company, subsidiaries, affiliates, successors or assigns regarding any issue related to this case, except they may provide sworn testimony if required by an order from a court of competent jurisdiction. WFS and Defendant's Counsel

8

sf-2541755

agree to refrain from intentionally disparaging Plaintiff publicly or in the media regarding any issue related to this case. Failure to abide by this provision will constitute a breach of this Settlement Agreement.

### 10. Representations and Warranties

**10.1  No Additional Persons with Financial Interest.** Plaintiff and Class Counsel warrant and represent that they are not aware of any persons (natural or legal) having any interest in any award of attorney's fees, costs and litigation expenses in connection with the Action. Plaintiff and Class Counsel agree to hold Defendant harmless from any claim by any person for an award of attorneys' fees, costs, and litigation expenses in connection with the Action.

**10.2  Parties Authorized to Enter into Settlement Agreement.** All persons executing this Settlement Agreement and any of the exhibits hereto, or any related documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Settlement Agreement to effectuate its terms. Each party hereto further represents and warrants that he, she, or it intends to be bound fully by the terms of this Settlement Agreement.

**10.3  No Attempt by Parties to Object.** Plaintiff and Defendant each represent and warrant that they have not nor will they: (a) attempt to void this Settlement Agreement in any way; or (b) solicit, encourage or assist in any fashion any effort by any person (natural or legal) to object to this Settlement Agreement.

**10.4  Cooperation.** The settling Parties, Class Counsel and Defendant's Counsel agree to cooperate fully with one another in seeking Court entry of the Order Concerning Class Certification, Notice and Scheduling and approval of the Settlement Agreement, and to promptly agree upon and execute all such other documentation containing such terms and conditions as to which they reasonably can agree, as may reasonably be required to effect final approval of the Settlement Agreement.

**10.5  Best Efforts.** The Parties agree that the terms of this Settlement Agreement reflect a good-faith settlement of disputed claims. Plaintiff, Class Counsel and WFS consider the Settlement effected by this Settlement Agreement to be fair and reasonable and will use their best efforts to seek approval of the Settlement by the Court, and in responding to any objectors, intervenors or other persons or entities seeking to preclude the final approval of this Settlement.

**10.6  Settlement Agreement Binding on Successors in Interest.** This Settlement Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

### 11. Miscellaneous

**11.1  No Admission of Liability or Damages.** This Settlement Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by either party as to the merits, validity or accuracy, or lack thereof, of any of the allegations or claims in the Action. This Settlement Agreement does not constitute a

waiver of any defenses or affirmative defenses that WFS or its successors may be entitled to assert in any future litigation, including, but not limited to, preemption.

11.2     **Entire Agreement.** This Settlement Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements or writings regarding the subject matter of this Settlement Agreement. No representations, warranties or inducements have been made by the Parties hereto concerning this Settlement Agreement and its exhibits other than those contained and memorialized in such documents.

11.3     **Amendment.** This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their successors in interest or their duly-authorized representatives.

11.4     **Waiver.** The waiver by one party of any breach of this Settlement Agreement by the other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

11.5     **Governing Law.** This Settlement Agreement is intended to and shall be governed by the laws of the State of Connecticut. The construction, interpretation, operation, effect and validity of this Settlement Agreement, and all documents necessary to effectuate it, shall be governed by the substantive law of the State of Connecticut.

11.6     **No Construction Against Drafter.** This Settlement Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement Agreement.

11.7     **Time Periods.** The time periods and dates described in this Settlement Agreement related to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Parties' counsel. The Parties may request that the Court allow reasonable extensions of time to carry out the provisions of the Settlement.

11.8     **Signatures.** The Parties may sign separate copies of this Settlement Agreement, which together will constitute one Settlement Agreement. Each copy shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if the Parties had signed the same instrument. In addition, signature by facsimile will constitute sufficient execution of this Settlement Agreement.

Dated: ~~August~~ SEPT _____, 2008

PLAINTIFF AND CLASS REPRESENTATIVE
OF THE SETTLEMENT CLASS

By: _____
FRANK D'AGOSTINO

sf-2541755

Dated: ~~August~~ *September* \_\_\_\_, 2008

DEFENDANT WFS FINANCIAL, INC., NOW KNOWN AS WACHOVIA DEALER SERVICES, INC.

By: _____
WACHOVIA DEALER SERVICES, INC.

NAME: _____

POSITION: _____

**APPROVED AS TO FORM:**

Dated: August *Sept* \_\_\_\_, 2008

CONSUMER LAW GROUP, LLC

By: _____
DANIEL S. BLINN, ESQ.
Attorneys for Plaintiff and Class Representative Frank D'Agostino and the Settlement Class

Dated: August \_\_\_\_, 2008

MORRISON & FOERSTER LLP

By: _____
MICHAEL J. AGOGLIA, ESQ.
JAMES R. McGUIRE, ESQ.
WENDY M. GARBERS, ESQ
Attorneys for WFS Financial Inc, now know as Wachovia Dealer Services, Inc.

11

sf-2541755

Dated: September 15, 2008

DEFENDANT WFS FINANCIAL, INC., NOW KNOWN AS WACHOVIA DEALER SERVICES, INC.

By: _____
WACHOVIA DEALER SERVICES, INC.

NAME: Thomas A Wolfe

POSITION: President

**APPROVED AS TO FORM:**

Dated: September ____, 2008

CONSUMER LAW GROUP, LLC

By: _____
DANIEL S. BLINN, ESQ.
Attorneys for Plaintiff and Class Representative Frank D'Agostino and the Settlement Class

Dated: September 25, 2008

MORRISON & FOERSTER LLP

By: _____
MICHAEL J. AGOGLIA, ESQ.
JAMES R. McGUIRE, ESQ.
WENDY M. GARBERS, ESQ
Attorneys for WFS Financial Inc, now known as Wachovia Dealer Services, Inc.

11

sf-2541755