UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK D'AGOSTINO, on behalf of | : | |
| himself and all others similarly | : | |
| situated | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 3-07-cv-161 (CFD) |
| v. | : | |
| | : | |
| WFS FINANCIAL, INC. | : | OCTOBER 14, 2008 |
|     Defendant | : | |

**ORDER CONCERNING CLASS CERTIFICATION, NOTICE,
SCHEDULING AND PRELIMINARY APPROVAL**

This matter is before the Court on the application of Frank D'Agostino ("Plaintiff"
or "Mr. D'Agostino") and WFS Financial Inc. (now known as Wachovia Dealer Services,
Inc.) ("Defendant" or "WFS") for an order concerning class certification, notice,
scheduling and preliminary approval of the settlement of this matter in accordance with
a Settlement Agreement dated September 25, 2008 ("Settlement" or "Settlement
Agreement"), a copy of which is attached hereto as Exhibit 1 and incorporated herein,
which, together with the exhibits annexed to it, sets forth the terms and conditions for a
proposed settlement and dismissal with prejudice of this lawsuit.

Having read and considered the Settlement Agreement, as well as the exhibits
annexed thereto, and having heard the parties and given due consideration, the Court
grants the application for this Order Concerning Class Certification, Notice, Scheduling
and Preliminary Approval.

**IT IS THEREFORE ORDERED THAT:**

1.    This Order incorporates by reference the definitions in the Settlement
Agreement, unless terms are otherwise defined in this Order.

2.      For settlement purposes only, the Court certifies the following Settlement

Class:

> Individuals:  (a) who were retail buyers of motor vehicles that were
> purchased pursuant to a retail installment contract or installment loan
> contract executed in the State of Connecticut and subsequently held by
> WFS; (b) whose motor vehicles were subsequently repossessed and sold
> by WFS between January 4, 2004 and July 1, 2008; (c) as to whom the
> net proceeds of the sale were insufficient to cover the balance due under
> the retail installment contract or installment loan contract; (d) whose
> accounts WFS credited with the actual sales proceeds (as opposed to the
> fair market value of the motor vehicle); and (e) who were not parties to
> any legal action brought by or against WFS in which judgment was
> entered prior to June 17, 2008.

3.      For settlement purposes only, the Court also certifies a Subclass A, which

is specifically delineated in Exhibit 2 hereto, and consists of Settlement Class members

who, WFS's records indicate, were not mailed notices of the repossession of their

vehicles within three days of repossession. For settlement purposes only, the Court

also certifies a Subclass B, which is specifically delineated in Exhibit 2 hereto, and

consists of Settlement Class members who, WFS's records indicate, were not mailed

notices of the date after which their vehicles could be sold at least ten days prior to that

date.

4.      The Court finds that a class of persons whose motor vehicles were

repossessed and subsequently sold between January 4, 2004 and July 1, 2008, where

the net proceeds of the sales were insufficient to satisfy the balances due under their

loan agreements, is an ascertainable class of many members, rendering it too large to

make any form of joinder a viable alternative.

5.      The Court also finds that each member of the Settlement Class shares a

community of interest in that: (a) the class action raises common questions of law and

fact that predominate over individual interests; (b) Plaintiff's claims are typical of the claims of absent members of the Settlement Class and are based on the same legal theories; and (c) Plaintiff and his counsel will adequately protect the interests of the Settlement Class.

6.      Class Counsel, Daniel S. Blinn of the Consumer Law Group, LLC, is authorized to negotiate and enter into this Settlement, subject to Court approval, on behalf of Plaintiff and members of the Settlement Class.

7.      The Court finds that the Settlement agreed to by Plaintiff and Defendant falls within the range of reasonableness. The Court further finds that there is sufficient basis for notifying the Settlement Class of the proposed settlement.

8.      The Court hereby preliminarily approves the Settlement Agreement, subject to a hearing on the final approval of the Settlement Agreement ("Fairness Hearing").

9.      The Fairness Hearing shall be held before this Court at **10:00 A.M.** on **JANUARY 30, 2009**, at the United States District Court for the District of Connecticut, 450 Main Street, North Courtroom, Hartford, Connecticut 06103, to determine: (a) whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court and whether a judgment approving the Settlement should be entered; (b) whether and in what amount WFS will be ordered to pay Class Counsel for attorney's fees and expenses; and (c) whether and in what amount WFS will be ordered to pay Mr. D'Agostino an incentive fee for his role as Class Representative.

10.     The Court sets the following dates for compliance with this Order:

**November 10, 2008**     Notice mailed to Class members [30 days after Order];

**December 30, 2008**     Deadline for Class members to "opt out" or object [75 days after Order];

**January 16, 2009**      Filing date for Class Counsel and Defense Counsel's joint submission in support of the Settlement Agreement, Class Counsel's fee application and the Class Representative's incentive fee application **-14-** days before Fairness Hearing]; and

**January 30, 2009**      Fairness Hearing [at least 105 days after Order].

11.     The Court approves, as to form and content, the Notice of Class Action Settlement ("Notice") in the format attached to the Settlement Agreement as Exhibit C, as well as the Opt-Out Form attached to the Notice. The Court further finds that mailing of the Notice to Class members by the Settlement Administrator in the manner and form set forth in section 3.5 of the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of state and federal law.

12.     WFS is hereby authorized to retain Tilghman & Co., P.C., 11250 Independence Drive, Suite 102, Birmingham, Alabama 35202-1250, as Settlement Administrator to administer the notice procedures and other aspects of this proposed settlement, as more fully set forth in the Settlement Agreement and below.

13.     Settlement Class members shall have no more than 45 days after the date on which the Notice is mailed to request exclusion from the Settlement Class.

- 4 -

Opt-out requests postmarked or hand-delivered more than 45 days after such date shall be invalid.

14.     At or prior to the Fairness Hearing, the Settlement Administrator shall serve on Plaintiff's counsel and file with the Court proof, by declaration, of mailing of the Notice.

15.     Within fifteen days after the expiration of the opt-out period, Class Counsel shall provide Defendant's Counsel with copies of the completed opt-out forms. If more than 5% of the people eligible for Class membership elect to opt out of the Settlement Class, WFS may elect to withdraw from this Settlement Agreement by providing written notice to Class Counsel of such election not later than 5 days before the Fairness Hearing, in which case the Settlement Agreement and this Order shall be of no force and effect and the Settlement Class and Subclasses shall be decertified pursuant to section 3.2 of the Settlement Agreement.

16.     Members of the Settlement Class who have not requested exclusion in the time and manner set forth in the Notice shall be bound by all orders and judgments entered in this litigation, whether favorable or unfavorable to the Settlement Class.

17.     Settlement Class members may enter an appearance in this litigation through counsel of their own choice, at their own expense. If they do not enter such an appearance, they will be represented by Class Counsel.

18.     Any member of the Settlement Class who has not requested exclusion may appear at the Fairness Hearing and show cause: (a) why the proposed settlement contained in the Settlement Agreement should not be approved as fair, reasonable and adequate and why a judgment should not be entered dismissing this matter with

prejudice in accordance with the terms of the Settlement Agreement; (b) why Class

Counsel should not be awarded costs and attorney's fees in the amount requested; and

(c) why the Class Representative should not be awarded the incentive payment

requested.

19.     However, no member of the Settlement Class or any other person shall be

heard or entitled to contest the approval of the terms and conditions of the proposed

settlement or, if approved, the judgment to be entered thereon approving the same, or

the award of attorney's fees and costs to Class Counsel or the incentive fee to the

Class Representative, unless, on or before **DECEMBER 30, 2008**, that person has: (a)

hand-delivered or postmarked a letter setting forth (i) the name of this lawsuit,

_D'Agostino v. WFS Financial, Inc._ (United States District Court for the District of

Connecticut, Case No. 3:07-cv-00161 (CFD)); (ii) the person's full name, current

address and telephone number; (iii) the reasons why the person objects to the

Settlement; and (iv) the person's signature; (b) served such letter upon (i) the Clerk of

the Court, United States District Court, 450 Main Street, Hartford, Connecticut 06103;

(ii) Daniel S. Blinn, Consumer Law Group, LLC, 35 Cold Spring Road, Suite 512, Rocky

Hill, Connecticut 06067; and (iii) Michael J. Agoglia, James R. McGuire and Wendy M.

Garbers, Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105;

and (c) filed a Proof of Service with the Court stating that the person mailed or hand-

delivered copies of the above-referenced letter to Class Counsel and Defense Counsel.

20.     Any Settlement Class member who does not submit an objection in the

manner provided above shall be deemed to have waived any objection to the

Settlement Agreement and shall forever be foreclosed from making any objection to

class certification, to the fairness, adequacy or reasonableness of the Settlement Agreement, to any attorney's fees and cost reimbursements approved and to any incentive payment awarded to the Class Representative.

21.    Any member of the Settlement Class who does not file an objection in the time and manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement and any payment of fees and costs to Class Counsel or any incentive payment to Mr. D'Agostino, unless otherwise ordered by the Court.

22.    If the Court finally approves the Settlement, all Settlement Class members who have not timely requested exclusion from the Settlement Class shall be barred from asserting any Released Claims against the Released Parties, and all of them, and shall be conclusively deemed to have released any and all such Released Claims as against all of the Released Parties.

23.    All papers in support of this Settlement, any application for reimbursement of costs and attorney's fees to Class Counsel and any application for payment of an incentive fee to Mr. D'Agostino shall be filed at least ten days prior to the Fairness Hearing.

24.    Unless this Settlement has been finally disapproved by this Court or any appellate court, and any appeals of such an order have been finally resolved, all Settlement Class members who have not properly and timely requested exclusion from the Settlement Class shall be bound by any and all orders and judgments entered by this Court, whether favorable or unfavorable to the Settlement Class.

25.     The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed settlement set forth in the Settlement Agreement, request for approval of attorney's fees and costs and request for an incentive payment to Mr. D'Agostino at or after the originally scheduled Fairness Hearing.

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 14th day of October, 2008.


/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge

- 8 -