**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| FRANK D'AGOSTINO, INDIVIDUALLY AND ) | CASE NUMBER: |
| ON BEHALF OF ALL OTHERS SIMILARLY ) | 3:07cv00161-CFD |
| SITUATED, ) | |
|     Plaintiff ) | |
| v. ) | |
| ) | |
| WFS FINANCIAL, INC., ) | |
|     Defendant ) | |
| _____) | JANUARY 16, 2009 |

**APPLICATION FOR ATTORNEYS' FEES AND CLASS REPRESENTATIVE FEE**

Class Counsel and the Plaintiff hereby apply for approval of an attorneys' fees in the amount of $80,000 and a class representative fee in the amount of $2,000.

    **I.    The Requested Attorneys' Fees of $80,000 Are Reasonable**

The Settlement Agreement and Release includes WFS's agreement to pay up $80,000 in attorneys' fees, subject to approval by the Court. This fee was negotiated at arms length at the very end of a mediation conducted before Judge Edward Infante under the auspices of JAMS. The discussions concerning attorney's fees were deliberately and carefully reserved for the end of the mediation, and the discussions regarding fees were not held until well after the settlement benefits to the class members had been fully resolved. Accordingly, the fee was the result of informed negotiations, and the amount of fees has not diminished the class members' recovery. Additionally, the fee is reasonable when evaluated from either the perspective of a percentage of the "common fund" or based upon the hours reasonably expended by class counsel.

In *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 122 (2d Cir. 2005), the Second Circuit discussed the trend of awarding fees based upon a percentage of the common fund approach:

> Courts may award attorneys' fees in common fund cases under either the "lodestar" method or the "percentage of the fund" method. The lodestar method multiplies hours reasonably expended against a reasonable hourly rate.  Courts in their discretion may increase the lodestar by applying a multiplier based on factors such as the riskiness of the litigation and the quality of the attorneys. The trend in this Circuit is toward the percentage method, which directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation, In contrast, the lodestar creates an unanticipated disincentive to early settlements, tempts lawyers to run up their hours, and compels] district courts to engage in a gimlet-eyed review of line-item fee audits.

The Second Circuit then performed a cross-check of the reasonableness of the fees by applying the factors in *Goldberger v. Integrated Res.*, 209 F.3d 43, 50(2d Cir. N.Y. 2000), which include:

   (1) the time and labor expended by counsel;

   (2) the magnitude and complexities of the litigation;

   (3) the risk of the litigation;

   (4) the quality of representation;

   (5) the requested fee in relation to the settlement; and

   (6) public policy considerations.

The fee is reasonable when viewed either under *Goldberger* or as a percentage of the common fund.

### A.     The Value of the Settlement and Percentage of Common Fund.

As part of the settlement, WFS is waiving the deficiencies owed by each of the 869 Class Members and is deleting the tradelines from the Class Members' credit reports. As discussed in the Memorandum of Law in support of the Settlement Agreement and Release, the total value of those deficiencies is believed to be in excess of $3 million dollars.[1]  Even if the cash value of the settlement were only 20% of the deficiencies released, that constitutes a $600,000 benefit to the class. Additionally, the 120 members of Subclass A will receive cash payments of $215, and the 195 members of Subclass B will receive cash payments of $575, so there is a $137,925 cash component to the settlement. Utilizing the 10% figure to determine the cash value of the waived deficiencies, the requested fee constitutes a percentage of only about 11% of the common fund; this is a very modest percentage.

### B.     The Requested Fee Involves a Multiplier of only 1.367%

Cross-checking this percentage against the lodestar in light of the *Goldberg* factors confirms the reasonableness of the requested fee. The lodestar value of the time expended is nearly $60,000. Detailed billing records are attached to the accompanying Affidavit of Daniel S.

---

[1] WFS has not calculated the precise value of deficiencies being released under this agreement, but it is known to be several million dollars. For example, the deficiency claimed against D'Agostino was $7,378.85. Even if the deficiency claimed against him was double the average for a class member, that would mean that the total amount being released is in excess of $3 million.

Blinn.  For purposes of summary, the time expended[2] is as follows:

| | | | |
|---|---|---|---|
| Daniel S. Blinn | Partner | 131 hours @ $325/hr | $42,575 |
| Andrew G. Pizor | Sr. Assoc | 15 hours @ $275/hr | 4,125 |
| Matthew Graeber | Assoc. | 23 hours @ $200/hr | 4,600 |
| Joshua Cohen | Law Clerk | 11 hours @ $175/hr | 1,925 |
| Thomas Benoit | Paralegal | 37 hours @ $120/hr | 4,440 |
| Dora Fernandez | Assistant[3] | 4 hours @ $90/hr | 360 |
| **TOTAL** | | **221 hours** | **$58,025** |

Additionally, Class Counsel has incurred $ 531.21 in expenses.[4]   The negotiated fee therefore would involve a modest multiplier of 1.367% to Class Counsel's lodestar amount. This modest request is reasonable when the various *Goldberg* factors are considered.  Specifically, the case was taken on an entirely contingent basis and involved substantial risk by Class Counsel.   It is appropriate to take this risk into account in determining the appropriate fee. *In re "Agent Orange" Prod. Liab. Litig* , 818 F.2d 226, 236 (2d Cir. 1987); *In re Union Carbide Corp.*

---

[2] The time entries include reasonable estimates of the time that will be required to complete the work in this case, as detailed in the billing statements attached to the undersigned's affidavit.  The hours in this chart are rounded-off, and personnel performing only minimal amounts of work are omitted.

[3] Class Counsel has not included time spent by Ms. Fernandez in a secretarial capacity. She was, however, the primary individual who responded to the dozens of class members who called to inquire whether they were in one of the subclasses to learn if they would receive a cash payment from the settlement.

[4] These amount does not include expenses related to the mediation before JAMS, which WFS has either paid or reimbursed Class Counsel in accordance with the mediation agreement.

*Consumer Prod. Bus. Sec. Litig.*, 724 F. Supp. 160, 164 (S.D.N.Y. 1999); *Warner*, 618 F. Supp. at 747 ("Numerous cases have recognized that the attorneys' contingent fee risk is an important factor in determining the fee award"); *City of Detroit v. Grinnell Corp.*, 356 F. Supp. 1380 (S.D.N.Y. 1972), aff'd in part and rev'd in part on other grounds, 495 F.2d 448 (2d Cir. 1974) ("No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success").

As previously discussed, the fee is quite modest when viewed in context of the success of the litigation and the benefit obtained for the Class Members. This would not have been possible but for the quality work performed by Class Counsel. Additionally, the case is a complex one raising issues only infrequently litigated. Finally, public policy considerations favor supporting the award, which was negotiated at arm's length under the supervision of a retired United States Magistrate. For all of these reasons, the application for attorney's fees should be approved in the amount of $80,000.

## II. The Class Representative Fee of $2,000 is Reasonable and Appropriate

The Plaintiff also seeks approval of a class representative fee in the amount of $2,000. Mr. D'Agostino was actively involved in the case. He participated in the mediation[5] and the decision to recommend this settlement to the Court. This amount would, like the Class Counsel fees, be paid by WFS in addition and not out of the monies being paid to the Class Members,

---

[5] Mr. D'Agostino did not travel to San Francisco, but he was in contact with Class Counsel by telephone during the mediation and actively participated.

and it cannot be seriously argued that this *de minimis* amount in any way detracted from the total recovery on behalf of the remainder of the Class. It is appropriate to permit modest payments in view of the additional time expended and inconvenience suffered by the Plaintiff., and district courts routinely approve such awards. *E.g., In Re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997) (citing cases); *Bryan v. Pittsburgh Plate Glass Co.*, 59 F.R.D. 616 (W. D. Pa.1973), aff'd 497 F.2d 799 (3d Cir. 1974)]($ 17,500 award to class representatives); *GMAC Mtge. Corp. v. Stapleton*, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992); *Bell v. Automobile Club*, 34 FEP Cas. 3, 7 (E.D.Mich. 1980) ("there is something to be said for rewarding those drivers who protest and help to bring rights to a group of employees who have the victims of discrimination"), Accordingly, Plaintiff requests that the Court approve the modest award of $2,000 to Frank D'Agostino, payable by WFS.

**PLAINTIFF, FRANK D'AGOSTINO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

By: /s/Daniel S. Blinn
    Daniel S. Blinn,ct02128
    Consumer Law Group, LLC
    35 Cold Spring Rd., Suite 512
    Rocky Hill, CT 06067
    Tel (860) 571-0408; Fax (860) 571-7457
    dblinn@consumerlawgroup.com

## CERTIFICATION

I hereby certify that on **this 16th day of January, 2009**, a copy of the foregoing **Application for Attorney's Fees** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Daniel S. Blinn
Daniel S. Blinn