UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK D'AGOSTINO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WFS FINANCIAL, INC.,<br><br>Defendant. | No. 3:07-cv-00161 (CFD)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

   This matter comes before the Court to determine whether there is any reason why this Court should not approve the settlement set forth in the Settlement Agreement ("Settlement" or "Settlement Agreement"), made as of September 25, 2008, relating to the above-captioned case between Plaintiff and Class Representative, Frank D'Agostino, on behalf of himself and the class he represents ("Plaintiff" or "Mr. D'Agostino"), on the one hand, and defendant WFS Financial Inc, now known as Wachovia Dealer Services, Inc. ("Defendant" or "WFS"), on the other hand. Pursuant to an Order Concerning Class Certification, Notice, Scheduling, and Preliminary Approval, dated October 14, 2008 ("Preliminary Approval Order"), the Court scheduled a hearing ("Fairness Hearing") to consider the approval of the Settlement Agreement and the settlement reflected therein.

   The Court, after consideration of the briefs and arguments of counsel, and otherwise being fully informed, has determined that: (1) the Settlement Agreement is the product of good-faith negotiations by Plaintiff and Defendant, each of whom was represented by experienced counsel; (2) the Settlement Agreement should be approved; (3) objections to the Settlement Agreement, if any, have been considered and are overruled; and (4) there is no just reason for delay of the entry of the Final Judgment. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of the class action.

   Good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as set forth herein, the Court adopts and incorporates the definitions in the Settlement Agreement.

2. The Court hereby finds that mailing of the Notice of Class Action Settlement, in the manner provided in the Preliminary Approval Order, fully and accurately informed all Settlement Class members of all material elements of the proposed settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to all Settlement Class members and complies fully with the requirements of state and federal law.

3. The Court hereby fully approves the Settlement as set forth in the Settlement Agreement as fair, reasonable and adequate in all respects under all other applicable law and orders Plaintiff and Defendant to consummate the Settlement Agreement in accordance with its terms.

4. The Court hereby decrees that the Settlement Class consists of:

> Individuals: (a) who were retail buyers of motor vehicles that were purchased pursuant to a retail installment contract or installment loan contract executed in the State of Connecticut and subsequently held by WFS; (b) whose motor vehicles were subsequently repossessed and sold by WFS between January 4, 2004 and July 1, 2008; (c) as to whom the net proceeds of the sale were insufficient to cover the balance due under the retail installment contract or installment loan contract; (d) whose accounts WFS credited with the actual sales proceeds (as opposed to the fair market value of the motor vehicle); and (e) who were not parties to any legal action brought by or against WFS in which judgment was entered prior to June 17, 2008.

5. In accordance with the terms of the Settlement Agreement, WFS shall provide the following relief to Settlement Class members: WFS shall release each Settlement Class member from any obligation to pay any deficiency that was or is claimed by WFS after the repossession and sale of the motor vehicles at issue. WFS shall file all papers necessary to withdraw or dismiss pending legal proceedings (if any) seeking Deficiency Judgments against Class

2

sf-2557425

members.  If a Deficiency Judgment was entered by a court on or after June 17, 2008, then WFS will file a satisfaction of judgment with the court.  WFS shall request that Equifax, Experian and TransUnion delete from Settlement Class members' credit reports the tradelines associated with the loans implicated by this litigation.

6. In accordance with the terms of the Settlement Agreement, WFS shall also make a monetary payment to certain Settlement Class members that fall within the definition of two subclasses.  The first subclass ("Subclass A") consists of Settlement Class members who, according to WFS's records, were not mailed notices of the repossession of their vehicles within three days of repossession.  Settlement Class members who are also in Subclass A will receive a cash payment of $215.00.  The second subclass ("Subclass B") consists of Settlement Class members who, according to WFS's records, were not mailed notices of the date after which their vehicles could be sold at least ten days prior to that date.  Settlement Class members who are also in Subclass B will receive a cash payment of $575.00.  Settlement Class members who fall within both Subclass A and Subclass B will receive only the Subclass B payment.  Settlement Class members who do not fall within either Subclass A or Subclass B will not receive a cash payment.

7. The Court approves an incentive fee award to Mr. D'Agostino, as Class Representative, in the amount of $2,000, which WFS shall pay.  All objections, if any, to Mr. D'Agostino's incentive fee award have been considered and overruled.

8. The Court approves an award of attorney's fees and costs to Class Counsel, Daniel S. Blinn of the Consumer Law Group, LLC, in the amount of $80,000, which WFS shall pay.  All objections, if any, to Class Counsel's request for approval of attorney's fees and costs have been considered and overruled.

9. No Settlement Class member submitted a valid and timely request for exclusion pursuant to the Preliminary Approval Order, and no Settlement Class member is excluded from the Settlement Class.

sf-2557425

10. No Settlement Class member objected to the Settlement.

11. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and Order of Dismissal and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect.  The Court hereby decrees that neither this Final Judgment nor the Settlement Agreement shall constitute an admission by WFS of any liability or wrongdoing whatsoever.

12. The Court hereby dismisses, on the merits and with prejudice, all causes of action against WFS filed in the above-captioned action.

13. The Court hereby decrees that all members of the Settlement Class are conclusively deemed to have released and forever discharged Released Parties from all Released Claims, and forever enjoins and bars all Settlement Class members from asserting, instituting or prosecuting any Released Claim in any court, tribunal or governmental agency.

14. Without affecting the finality of this Final Judgment, the Court hereby reserves exclusive and continuing jurisdiction over this action, the Class Representative, Settlement Class members, Class Counsel, WFS and its counsel, for the purpose of, among other things, supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order and this Final Judgment.

Dated:  January 30, 2009

/s/ Christopher F. Droney
The Honorable Christopher F. Droney
United States District Judge